# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CHARLOTTE WILLIAMS-SHERMAN**                                                                 **PLAINTIFFS**
*and* **JACKIE D. SHERMAN**

**v.**                                                        **CIVIL ACTION NO. 1:24-cv-10-TBM-RPM**

**TRUMBULL INSURANCE COMPANY**                                                                  **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte* on the Plaintiffs' failure to prosecute and failure to comply with Court Orders [12], [14]. The Plaintiffs filed this action on August 18, 2023, in the Circuit Court of Harrison County, Mississippi, seeking a declaration that they are entitled to Uninsured Motorist Bodily Injury coverage under a Personal Auto Policy issued by Trumbull Insurance Company. The matter was removed to this Court on January 12, 2024, and Trumbull filed a Motion for Summary Judgment [10], on June 12, 2024. The Plaintiffs' response in opposition was due to be filed by June 26, 2024, but the Plaintiffs did not respond.

Accordingly, the Court entered an Order to Show Cause [12] on August 12, 2024, ordering the Plaintiffs to demonstrate why this matter should not be dismissed for failure to prosecute on or before August 26, 2024. The Order cautioned that failure to comply may result in the dismissal of this lawsuit without further notice. [12]. The Plaintiffs timely responded to the Order to Show Cause [12]. In their Response [13], the Plaintiffs requested until September 6, 2024, to file their response to Trumbull's Motion for Summary Judgment, which the Court granted.

After the September 6, 2024, deadline passed with no response, however, the Court entered a Second Order to Show Cause [14] on October 28, 2024, ordering the Plaintiffs to demonstrate why this matter should not be dismissed for failure to prosecute on or before November 11, 2024. To this

date, the Plaintiffs have yet to respond to the Second Order to Show Cause [14], the pending Motion for Summary Judgment, contact the Court about the delay, or otherwise litigate this action.

The Court has the authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute and obey a Court order. FED. R. CIV. P. 41 (b); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("District courts may . . . dismiss cases *sua sponte* [and] *sua sponte* dismissal is appropriate when a plaintiff fails to prosecute her case.") (internal citation omitted); *Connely v. City of Pascagoula*, No. 1:11-cv-293-HSO, 2013 WL 2182944, at *1 (S.D. Miss. May 20, 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). "The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the party seeking relief, in a manner to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO, 2016 WL 3166581, *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). Such a "sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*.

Here, the Plaintiffs missed their first deadline to respond to Trumbull's Motion for Summary Judgment [10], as well as their second deadline to respond. Then, the Plaintiffs did not respond to the Court's Second Order to Show Cause [14]—despite being warned of the consequences. *See* [14] ("Failure to response to this Order may result in dismissal without further notice"). Accordingly, the Court finds that this lawsuit should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with Court Orders. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (explaining that Rule 41(b) dismissals

may be with or without prejudice, but "[l]esser sanctions such as . . . dismissal without prejudice are usually appropriate before dismissing with prejudice[.]").[1]

IT IS THEREFORE ORDERED AND ADJUDGED that this matter is DISMISSED WITHOUT PREJUDICE for failure to prosecute and for failure to comply with Court Orders.

IT IS FURTHER ORDERED that Defendant Trumbull Insurance Company's Motion for Summary Judgment [10] is DENIED as MOOT.

THIS, the 25th day of November, 2024.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

---

[1] Dismissal with prejudice is appropriate only when there is "a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). At this stage, the facts of this case do not warrant a with prejudice dismissal.